UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WAYNE JOYCE,<br><br>         Plaintiff,<br><br>    v.<br><br>ISMAIL PATEL,<br><br>         Defendant. | No. 1:24-cv-00422 GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY A COURT ORDER<br><br>(See ECF No. 10)<br><br>PLAINTIFF'S SHOWING OF CAUSE OR, IN THE ALTERNATIVE, HIS FILING OF A NON-PRISONER IN FORMA PAUPERIS APPLICATION DUE IN SEVEN DAYS |

Plaintiff, a former state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, Plaintiff will be ordered to show cause why this matter should not be dismissed for failure to obey a court order. As an alternative to filing the showing of cause, Plaintiff may file a completed non-prisoner in forma pauperis application. Plaintiff shall have seven days to take either course of action.

I.     RELEVANT BACKGROUND

On December 16, 2024, a notice of change of address filed by Plaintiff was docketed. See ECF No. 9. In it, the new address provided by Plaintiff appeared to be a residential address

1

indicating that Plaintiff was no longer incarcerated.  See id.  Based on this presumption, on February 5, 2025, Plaintiff was ordered to file a non-prisoner in forma pauperis application.  See ECF No. 10.  He was given thirty days to complete the form and return it to the Court.  Id.

More than thirty days have passed, and Plaintiff has not responded to the Court's order.  He has not requested an extension of time to do so, either.

II.     DISCUSSION

Upon release from prison, a former inmate must be allowed to apply to proceed under general in forma pauperis provisions of 28 U.S.C. § 1915(a)(1).  See DeBlasio v. Gilmore, 315 F.3d 396, 399 (4th Cir. 2003); In re Prison Litigation Reform Act, 105 F.3d 1131, 1139 (6th Cir. 1997) (upon release, obligation to pay remainder of fees to be determined solely on question of whether individual qualifies for pauper status).  A released prisoner may proceed in forma pauperis upon satisfying the poverty provisions applicable to non-prisoners.  McGann v. Comm'r, Soc. Sec. Admin., 96 F.3d 29, 30 (2d Cir. 1996).

Because Plaintiff has neither provided a non-prisoner in forma application to the Court or paid the filing fee in full, this matter may not proceed any further.  As a result, Plaintiff will be ordered to show cause why this case should not be dismissed for failure to obey a court order.  As an alternative to filing the showing of cause, Plaintiff may either pay what remains of the filing fee, or he may complete and file a non-prisoner in forma application.  Plaintiff will be given seven days to take either course of action.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall send Plaintiff another copy of the Court's application to proceed in forma pauperis for a non-prisoner;

2. Plaintiff is ordered to SHOW CAUSE why this matter should not be dismissed for failure to obey a court order.  See ECF No. 10;

3. As an ALTERNATIVE to filing the showing of cause, Plaintiff may either pay what remains of the filing fee, or he may complete and file a non-prisoner in forma pauperis application, and

4. Plaintiff shall have seven days to take either course of action.

**Plaintiff is cautioned that failure to comply with this order within the time allotted may result in a recommendation that this matter be dismissed.**

IT IS SO ORDERED.

Dated: __March 18, 2025__                    _____/s/ Gary S. Austin_____
                                                                           UNITED STATES MAGISTRATE JUDGE