# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WAYNE JOYCE,<br><br>Plaintiff,<br><br>v.<br><br>PATEL,<br><br>Defendant. | Case No. 1:24-cv-00422-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE<br><br>(ECF No. 16)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.   Background**

Plaintiff Michael Wayne Joyce ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On October 20, 2025, the Court screened the complaint and found that it failed to state a cognizable claim under 42 U.S.C. § 1983. (ECF No. 16.) The Court issued an order granting Plaintiff leave to file a first amended complaint or a notice of voluntary dismissal within thirty (30) days. (*Id.*) The Court expressly warned Plaintiff that the failure to comply with the Court's order would result in a recommendation for dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim. (*Id.*) Plaintiff failed to file an amended complaint or otherwise communicate with the Court, and the deadline to do so has expired.

**II.   Failure to State a Claim**

**A.   Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C.

1

1   § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous
2   or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary
3   relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

4         A complaint must contain "a short and plain statement of the claim showing that the
5   pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
6   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
7   conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell*
8   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as
9   true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*,
10  572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

11        To survive screening, Plaintiff's claims must be facially plausible, which requires
12  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable
13  for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*
14  *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully
15  is not sufficient, and mere consistency with liability falls short of satisfying the plausibility
16  standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

17        **B.**    **Plaintiff's Allegations**

18        At the time of the events in the complaint, Plaintiff was a state prisoner housed in Kern
19  Valley State Prison.  Plaintiff names the Ismail Patel, Doctor on B-yard medical, as the sole
20  defendant.

21        In claim 1, Plaintiff alleges denial of medical care in violation of the Eighth Amendment.
22  On 10/4/23, Plaintiff put in an emergency medical slip due to severe pain inside his right testicle
23  that had been causing Plaintiff pain all the way up the right side.  On 10/4/23 at 9:05 p.m., third
24  watch correctional officer in B-3 control town, Correctional Officer Samora, opened Plaintiff's
25  door and asked if Plaintiff wanted to be seen by medical. Plaintiff said yes and went to medical
26  for further evaluation.  When Plaintiff got to medical, the nurse and R/N that were on duty looked
27  at Plaintiff's testicle, saw the knot and swelling on Plaintiff testicles and sent Plaintiff to CTC
28  with Officer J. Navarro and another correctional officer to get a CTC to get Plaintiff cleared for

1  outside medical facility. The nurse on duty contacted the doctor on duty that night which was
2  Ismail Patel who was familiar with Plaintiff and Plaintiff's condition and denied Plaintiff to go to
3  the outside medical because he said there was nothing wrong with Plaintiff. For months, Plaintiff
4  has been telling Dr. Patel that there is.

5  Plaintiff has been in pain and suffering due to Dr. Patel not allowing Plaintiff to be seen
6  by other doctor and Dr. Patel not treating Plaintiff when there is something wrong with Plaintiff.

7  In claim 2, Plaintiff alleges deliberate indifference to his medical needs. Doctor Ismail
8  Patel B-yard medical doctor had been indifferent to Plaintiff since the day he observed Plaintiff's
9  testicles and did CT scans and ultrasounds of Plaintiff's testicles that all showed negative results
10  at that time. Plaintiff told Dr. Patel that the diagnostic tests were wrong that there is truly
11  something wrong with Plaintiff. Plaintiff needed help and needed to be seen. Dr. Patel said that
12  his results were correct. On 2/16/24, Plaintiff went man down and got another doctor to observe
13  Plaintiff and he said that Plaintiff has a "sypin" knot on Plaintiff's testicles and needed to be seen
14  by urology. Plaintiff was in pain with a large knot on Plaintiff's testicles and had not gotten
15  treatment due to Doctor Patel's incorrect diagnosis.

16  In claim 3, Plaintiff alleges malpractice against Dr. Patel for his diagnosis. On 10/4/23,
17  Plaintiff stated to Doctor Patel that all the tests he did and had run on Plaintiff were wrong.
18  Plaintiff needed to be seen by another doctor more tests were needed to be run because there was
19  something wrong with Plaintiff. Plaintiff knows his body and that the Doctors' staff had been
20  missing the problem on their tests and ultrasounds that were done. The ultrasound was negative
21  on 10/3/23 and the CT scan was negative. Plaintiff told the doctor that the tests were wrong and
22  that is why Plaintiff went man-down on 2/16/24 on 3rd watch. Correctional Officer Gomez sent
23  Plaintiff to B yard medical for emergency due to Plaintiff complaining about pain. Plaintiff was
24  sent to an outside medical and where the doctor did an ultrasound and found the knot and said
25  Plaintiff has a "sypin" knot and needed to be seen by urology.

26  As remedies, Plaintiff seeks compensatory and punitive damages.
27  ///
28  ///

3

**C. Discussion**

Plaintiff's complaint fails to state a cognizable claim under 42 U.S.C. § 1983.

**1. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

As explained below, Plaintiff's complaint fails to state a claim.

**2. Eighth Amendment – Deliberate Indifference to Medical Care**

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have

4

1  been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,'
2  'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter*
3  *Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06). Even gross
4  negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood*
5  *v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

6  Further, a "difference of opinion between a physician and the prisoner—or between
7  medical professionals—concerning what medical care is appropriate does not amount to
8  deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v.*
9  *Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, *Peralta v. Dillard*,
10 744 F.3d 1076, 1082–83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122–23 (9th Cir.
11 2012) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must
12 show that the course of treatment the doctors chose was medically unacceptable under the
13 circumstances and that the defendants chose this course in conscious disregard of an excessive
14 risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation
15 marks omitted).

16 Plaintiff alleges a serious medical need. However, Plaintiff fails to allege that the
17 defendant "knows of and disregards an excessive risk to inmate health or safety." It appears that
18 when Plaintiff complained, Dr. Patel ordered various diagnostic tests including CT scans and
19 ultrasounds. As Plaintiff alleges, all such tests returned negative results, which formed the basis
20 for Dr. Patel's saying nothing is wrong with Plaintiff. Plaintiff disputed that something was
21 wrong, but difference of opinion between a physician and the prisoner—or between medical
22 professionals—concerning what medical care is appropriate does not amount to deliberate
23 indifference. As to Plaintiff's pain, it is unclear if Plaintiff told Dr. Patel on 10/4/23 that Plaintiff
24 was in pain and what if anything Dr. Patel, or anyone else, did to address his pain.

25         **3.    State Law Claim – Medical Malpractice**

26 Plaintiff alleges a medical malpractice claim. The complaint does not allege that Plaintiff
27 complied with the exhaustion requirements of the Government Claims Act ("GCA") as to his
28

pendent state law claim.[1] Cal. Gov't Code §§ 905, 905.2, 910, 911.2, 945.4, 950–950.2.  Plaintiff is informed that the California Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. *State v. Super. Ct. of Kings Cnty. (Bodde)*, 32 Cal.4th 1234, 1239 (Cal. 2004); *Shirk v. Vista Unified Sch. Dist.*, 42 Cal.4th 201, 209 (2007).

To state a tort claim against a public employee, a plaintiff must allege compliance with the GCA. Cal. Gov't Code § 950.6; *Bodde*, 32 Cal. 4th at 1244. "[F]ailure to allege facts demonstrating or excusing compliance with the requirement subjects a complaint to general demurrer for failure to state a cause of action." *Bodde*, 32 Cal.4th at 1239. Because Plaintiff does not affirmatively allege compliance with the GCA, the complaint facially fails to state a tort claim for medical malpractice.  Plaintiff will be given leave to amend to cure this deficiency to extent he may do so in good faith.

### III. Failure to Prosecute and Failure to Obey a Court Order

#### A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987)

---

[1] This exhaustion requirement is separate and apart from the exhaustion requirement under the Prison Litigation Reform Act.

6

(dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B.     Discussion**

Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's October 20, 2025 screening order expressly warned Plaintiff that his failure to file an amended complaint would result in a recommendation of dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim. (ECF No. 16.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. As Plaintiff is proceeding *in forma pauperis* in

this action, it appears that monetary sanctions will be of little use and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

## IV.    Conclusion and Recommendation

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Furthermore, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey a court order, and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **December 1, 2025**            /s/ *Barbara A. McAuliffe*         _
                                                                      UNITED STATES MAGISTRATE JUDGE