# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WAYNE JOYCE,<br><br>   Plaintiff,<br><br>   v.<br><br>PATEL,<br><br>   Defendant. | Case No. 1:24-cv-00422-JLT-BAM (PC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE<br>(ECF No. 18)<br><br>ORDER GRANTING PLAINTIFF AN EXTENSION OF TIME TO FILE AMENDED COMPLAINT<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Michael Wayne Joyce ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On October 20, 2025, the Court issued a screening order granting Plaintiff leave to file a first amended complaint or a notice of voluntary dismissal within thirty (30) days. (ECF No. 16.) The Court expressly warned Plaintiff that the failure to comply with the Court's order would result in a recommendation for dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim. (*Id.*) Following Plaintiff's failure to file an amended complaint or otherwise communicate with the Court, on December 1, 2025, the Court issued findings and recommendations to dismiss this action, with prejudice, for failure to state a claim, failure to obey a court order, and failure to prosecute. (ECF No. 18.) Plaintiff was directed to file

any objections to the findings and recommendations within fourteen (14) days. (*Id.*)

Plaintiff filed a response on December 11, 2025, docketed as Plaintiff's objections to the findings and recommendations. (ECF No. 19.) Plaintiff appears to state that while he filed this action as a prisoner, he has since been released and now has the medical records to support his claims against Defendant Patel. Plaintiff also states that he has just been released and he is not an attorney. He asks the Court for a fair trial and time to get counsel. (*Id.*)

Having considered Plaintiff's filing, the Court finds it appropriate to vacate the pending findings and recommendations and grant Plaintiff an extension of time to file an amended complaint or a notice of voluntary dismissal. Under the circumstances, the Court finds that an extension of thirty days is appropriate.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on December 1, 2025, (ECF No. 18), are VACATED;
2. The Clerk's Office shall send Plaintiff:
    a. A complaint form; and
    b. A copy of the Court's October 20, 2025 screening order, (ECF No. 16);

///

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court's October 20, 2025 screening order (or file a notice of voluntary dismissal); and

4. **If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to obey a court order and failure to state a claim.**

IT IS SO ORDERED.

Dated:   **December 12, 2025**          /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE