# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WAYNE JOYCE, | Case No. 1:24-cv-00422-JLT-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| ISMAIL PATEL, | (ECF No. 22) |
| Defendant. | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Michael Wayne Joyce ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. On October 20, 2025, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 16.) Plaintiff's first amended complaint, filed on December 29, 2025, is currently before the Court for screening. (ECF No. 22.)

## I.   Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

1

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.    Plaintiff's Allegations

At the time of the events in the complaint, Plaintiff was a state prisoner housed in Kern Valley State Prison.  Plaintiff names Dr. Ismail Patel as the sole defendant.

In his claim, Plaintiff asserts a denial of medical care.  He alleges that on or about October 4, 2023, he submitted an emergency medical slip due to severe pain in his right testicle, which caused pain radiating up the right side of his body.  At approximately 9:05 p.m. that evening, a correctional officer assigned to B-3 control (Officer Samora) opened Plaintiff's cell door and asked if Plaintiff wanted to be seen by medical. Plaintiff responded affirmatively and was escorted to medical for further evaluation.  Upon arriving at medical, Plaintiff was examined by the nurse and RN on duty.  During the examination, medical staff observed a knot and swelling on Plaintiff's right testicle, confirming the seriousness of Plaintiff's symptoms and physical findings, medical staff initiated procedures for Plaintiff to be transported to an outside medical facility for further evaluation and clearance, including contacting custody staff to facilitate transfer.  The nurse on duty contacted Dr. Ismail Patel, who was the doctor on duty that night and who was familiar with Plaintiff and Plaintiff's concerns.  Dr. Patel refused authorization for Plaintiff's transfer to an outside facility, stating "theres [sic] nothing wrong" with Plaintiff.  (ECF No. 22 at 5.)  For months prior to and following this incident, Plaintiff had repeatedly informed Dr. Patel that there was something wrong and he was experiencing ongoing pain, yet Dr. Patel continued to deny.

Plaintiff contends that a result of Dr. Patel's refusal to authorize further care, appropriate diagnostic testing, and referral to another physician or outside medical for evaluation, Plaintiff was denied necessary medical treatment and was prevented from being evaluated by another doctor. Plaintiff contends that he has continued to suffer ongoing pain, worsening symptoms, and unnecessary suffering due to Dr. Patel's failure and refusal to provide adequate medical care.

Plaintiff seeks declaratory and injunctive relief, along with compensatory and punitive damages.

**III.    Discussion**

**Eighth Amendment – Deliberate Indifference to Medical Care**

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood*

3

*v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, *Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff alleges a serious medical need. However, Plaintiff fails to adequately allege that Defendant Patel knew of and disregarded an excessive risk to Plaintiff's health or safety.

Plaintiff has omitted multiple factual allegations included in his original complaint. In his original complaint, Plaintiff alleged that Defendant Patel had been indifferent to Plaintiff since the day he observed Plaintiff's testicles and did CT scans and ultrasounds of Plaintiff's testicles that all showed negative results at that time. (*See* ECF No. 1 at 4.) Plaintiff told Defendant Patel that the diagnostic tests were wrong and that there was truly something wrong with Plaintiff. Defendant Patel said that his results were correct. (*Id.*) Plaintiff further alleged that on 2/16/24, Plaintiff went man down and got another doctor to observe Plaintiff and he said that Plaintiff has a "sypin" knot on Plaintiff's testicles and needed to be seen by urology. (*Id.*) From these allegations, it appears that when Plaintiff complained, Dr. Patel ordered various diagnostic tests including CT scans and ultrasounds that returned negative results, which formed the basis for Dr. Patel's saying nothing is wrong with Plaintiff. Although Plaintiff disputed that something was wrong, a difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference. Plaintiff may not simply omit allegations from his amended complaint in an effort to state a cognizable claim for relief. *See Azadpour v. Sun Microsys., Inc.*, No. 06–3272, 2007

4

WL 2141079, at *2 n. 2 (N.D. Cal. July 23, 2007) ("Where allegations in an amended complaint contradict those in a prior complaint, a district court need not accept the new alleged facts as true, and may, in fact, strike the changed allegations as 'false and sham.' ") (citations omitted); *see also Denton v. Fisher*, No. 1:23-cv-00313-KES-BAM (PC), 2025 WL 3167582, at *7 (E.D. Cal. Nov. 12, 2025) (noting that while an amended complaint supersedes the original complaint, a plaintiff also may not omit relevant facts from an amended complaint in attempt to state a cognizable claim).

With respect to Plaintiff's pain, as the Court explained in the prior screening order, it is unclear if Plaintiff told Dr. Patel on October 4, 2023 that Plaintiff was in pain and what if anything Dr. Patel, or anyone else, did to address his pain. Plaintiff also does not allege that the nurse on duty told Dr. Patel that Plaintiff was in pain.

### IV.     Conclusion and Recommendation

Plaintiff's complaint fails to state a cognizable claim under 42 U.S.C. § 1983. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual

///

5

findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 16, 2026**                    /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE